Hᴇʀɴᴅᴏɴ HARRIS *v.* SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY ᴇᴛ ᴀʟ

5-5098                                    448 S. W. 2d 652

Opinion delivered January 12, 1970

*Murphy & Carlisle,* for appellant.

*Putman, Davis & Bassett,* for appellees.

J. Fʀᴇᴅ Jᴏɴᴇs, Justice. This is an appeal by Herndon Harris from a summary judgment in favor of Southern Farm Bureau Casualty Insurance Company entered by the Washington County Circuit Court in a suit by Harris against Southern Farm on an uninsured motorist policy. The question presented is whether Harris can recover from Southern Farm on a policy issued to him and also recover on a policy issued to the owner of a vehicle he was driving.

While Harris was driving a pickup truck owned by Bartholomew he was injured in a collision caused by

the negligence of Browning, an uninsured motorist. Southern Farm had issued an uninsured motorist policy to Harris with maximum coverage of $10,000, and Truck Insurance Exchange had issued a similar policy with a similar maximum coverage to Bartholomew. The injuries sustained by Harris resulted in damage in excess of $20,000, or the combined maximum coverage of both policies. Truck Insurance Exchange paid its maximum coverage of $10,000 and Harris sued Southern Farm for $10,000. Southern Farm denied liability under the "other insurance" provisions of its policy providing as follows:

"With respect to bodily injury to an Insured while occupying an automobile not owned by a Named Insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance.

With respect to bodily injury to an Insured while occupying or through being struck by an uninsured automobile, if such Insured is a Named Insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable under this endorsement for a greater proportion of the applicable limit of liability of this endorsement than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

Subject to the foregoing paragraphs, if the Insured has other similar insurance available to him against a loss covered by this endorsement, the Company shall not be liable under this endorsement for a

greater proportion of such loss than the applicable limit of liability hereunder bears to the total applicable limits of liability of all valid and collectible insurance against such loss."

The trial court granted Southern Farm's motion for summary judgment and Harris relies on the following point for reversal:

"The 'other insurance' clause in appellee's policy is contradictory to the provisions of Ark. Stats. 66-4003 *et seq.* and is also void as against public policy."

Ark. Stat. Ann. § 66-4003 (Repl. 1966) provides as follows:

"No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than limits described in Section 27 of Act 347 of 1953 [§ 75-1427], as amended, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."

Ark. Stat. Ann. § 75-1427 (Supp. 1967), as amended, reads as follows:

"No policy or bond shall be effective under Section 26 [§ 75-1426] unless issued by an insurance com-

pany or surety company authorized to do business in this State, except as provided in subdivision b of this section, nor unless such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than $10,000 because of bodily injury to or death of one (1) person in any one (1) accident and subject to said limit for one (1) person, to a limit of not less than $20,000 because of bodily injury to or death of two (2) or more persons in any one (1) accident, and if the accident has resulted in injury to, or destruction of property, to a limit of not less than $5,000 because of injury to or destruction of property of others in any one (1) accident.''

We agree with the appellee that this case is controlled by our decision in *M. F. A. Mutual Ins. Co.* v. *Wallace*, 245 Ark. 230, 431 S. W. 2d 742. We fully disposed of the specific point relied on by Mr. Harris in the case at bar, when in the *Wallace* case we said:

''The cases interpreting uninsured motorist statutes go both ways on the issue of stacking multiple policies covering the same accident or injury, *Safeco Insurance Company* v. *Robey*, 399 F. 2d 330, (8th Cir. 1968). However, in looking at the terms and purpose of our statute, we find that the 'other insurance clause' is not repugnant to Ark. Stat. Ann. § 66-4003, *supra*. Here MFA furnished uninsured motorist coverage 'in not less than limits described . . .' in the Safety Responsibility Act. Furthermore, since the purpose of the statute is 'for the protection of persons insured . . . who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. . .' it is obvious that the statute was not designed to provide the insured with greater insurance protection than would have been available had the insured been injured by an operator with a policy containing the minimum statutory limits required by the Motor Vehicle Safety Re-

sponsibility Act, Ark. Stat. Ann. § 75-1427 (Supp. 1967). See *Maryland Casualty Company* v. *Howe,* 106 N. H. 422, 213 A. 2d 420 (1965).''

We conclude that the judgment of the trial court must be affirmed. To hold otherwise, under the facts of this case, would permit an insured to obtain double coverage for the price of one by the simple process of exchanging automobiles. Courts may enforce legal contracts or void illegal ones, but courts may not expand contracts beyond their terms and the intent of the parties.

The judgment is affirmed.