Norman Jean HAWKINS *v.* STATE FARM FIRE AND CASUALTY COMPANY

89-326                                                792 S.W.2d 307

Supreme Court of Arkansas
Opinion delivered July 2, 1990

*Sexton Law Firm, P.A.*, by: *Sam Sexton III*, for appellant.

*Pryor, Barry, Smith and Karber*, by: *Thomas B. Pryor*, for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Norma Jean Hawkins, purchased an insurance policy from appellee, State Farm Fire and Casualty Company (State Farm), on June 9, 1986, that provided uninsured motor vehicle bodily injury coverage with limits applicable to each person in the amount of $50,000. On October 7, 1986, Hawkins was involved in a motor vehicle accident in which the driver of the other vehicle had the minimum liability insurance required by our Motor Vehicle Safety Responsibility Act, Ark. Code Ann. §§ 27-19-101 to -721 (1987 and Supp. 1989), with limits of coverage applicable to one person in the amount of $25,000.

Hawkins claimed that she sustained injuries that exceeded $25,000 and demanded coverage from State Farm under the uninsured motorist provision of her policy. State Farm declined coverage on the basis that the driver of the other vehicle was not uninsured, as he had the requisite minimum liability coverage of $25,000.

Hawkins initially filed suit in the Crawford County Chancery Court and alleged three counts in her complaint: 1) that the policy as written provides such coverage, 2) that the policy as written does not provide such coverage, but that it should have done so, and therefore the policy should be reformed to provide such coverage, and 3) that if the relief requested in the first two

counts should be denied, then she is entitled to recover against State Farm's agent, Ken Clark, for misrepresenting the provisions of the policy.

The chancery court granted State Farm's motion for summary judgment as to the second count, in which Hawkins sought reformation of the policy. As a result, the case was transferred to the Crawford County Circuit Court because the remaining two claims alleged causes of action at law. No appeal was taken from the chancery court's dismissal of the second count.

State Farm filed a motion in circuit court to dismiss the first count, and Hawkins responded by filing a motion for summary judgment in her favor. Prior to the circuit court's ruling on these motions, Hawkins dismissed her third count against State Farm's agent. Subsequently, the circuit court granted State Farm's motion to dismiss and denied Hawkins' motion for summary judgment.

Hawkins now appeals the orders of the circuit and chancery courts and alleges five points of error on appeal: 1) the insurance policy issued to her provides coverage on its face, 2) the insurance policy fails to clearly exclude coverage so that it should be construed to afford coverage, 3) recovery should be afforded to her under the Arkansas Uninsured Motorist Act, 4) to construe the insurance policy as not affording coverage to her violates Arkansas public policy, and 5) the chancery court erred in finding that State Farm's agent did not have apparent authority to bind State Farm.

We find no merit in any of these points of error and affirm.

Hawkins initially claims that the insurance policy that she purchased from State Farm provides coverage on its face. The pertinent provision of the policy, SECTION III—UNINSURED MOTOR VEHICLE—COVERAGE U, provides as follows:

> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

*Uninsured Motor Vehicle*—means:

1. a land motor vehicle, the ownership, maintenance or use of which is:

a. not insured or bonded for bodily injury liability at the time of the accident; or

b. insured or bonded for bodily injury liability at the time of the accident; but

(1) the limits of liability are less than required by the financial responsibility act of the state where *your car* is mainly garaged; or

(2) the insuring company denies coverage or is or becomes insolvent . . . .

Arkansas Code Ann. § 23-89-403(a) (1987) requires uninsured motor vehicle coverage of ". . .not less than limits described in § 27-19-605. . . ." Ark. Code Ann. § 27-19-605(a) (1987) provides in pertinent part that:

No policy or bond shall be effective [as security]. . .unless the policy or bond is subject, if the accident resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than twenty-five thousand dollars ($25,000) because of bodily injury or death of one (1) person in any one (1) accident and subject to said limit for one (1) person, to a limit of not less than fifty thousand dollars ($50,000) because of bodily injury or death of two (2) or more persons in any one (1) accident. . . .

The State Farm policy defines an uninsured motor vehicle to include an insured vehicle, the limits of liability of which are less than required by the financial responsibility act of Arkansas. The Motor Vehicle Safety Responsibility Act, *supra*, defines the minimum requirements for liability insurance as noted in section 27-19-605(a).

Hawkins' insurance policy clearly provides that it applies only with respect to an accident involving an uninsured motor vehicle. The driver of the other vehicle involved in Hawkins' accident was insured for the minimum liability coverage of $25,000. In *Payne* v. *Farm Bureau Mut. Ins. Co.*, 298 Ark. 540,

768 S.W. 2d 543 (1989), we held that a motorist who carried at least the required minimum amount of insurance did not become an uninsured motorist if the policy limits became exhausted.

Consequently, the driver of the other vehicle was not an uninsured motorist under the unambiguous terms of Hawkins' policy, and the policy, therefore, does not provide coverage on its face.

Hawkins next claims that the insurance policy fails to clearly exclude coverage so that it should be construed to afford coverage. However, the definition of uninsured motor vehicle appears prominently in italicized letters set in bold type immediately following the insuring clause wherein the term is used. Reading the language and construing its plain meaning, we are unable to find any ambiguity in the definition under these circumstances. The policy merely and clearly provides uninsured coverage, not the underinsured coverage requested by Hawkins.

Hawkins' third point of error alleges that she should recover under the Arkansas Uninsured Motorist Act. This point of error simply repeats the arguments of the first two points of error and is redundant. However, we appropriately note that Hawkins' contention that "any driver who does not carry enough insurance to pay damages that he may cause should be considered 'financially irresponsible' " is contrary to our holding in *Payne v. Farm Bureau Mut. Ins. Co., supra.* In that case, we clearly stated our analysis of an uninsured motorist as follows:

> Armenda Mathis was not a financially irresponsible motorist. She had purchased the required coverage and that amount of money was available to the claimants as a group.

> She was not an uninsured motorist simply because her policy limits were exhausted. There are provisions in the law and in appellee's contract of insurance to provide relief if a claim is not paid because of the insolvency of an insurance company or if a motorist failed to carry the minimum coverage required by the Motor Vehicle Safety Responsibility Act. However, neither of those apply in this case.

> Armenda Mathis was not by definition an uninsured motorist nor was she operating an uninsured automobile,

and appellee has no exposure under the uninsured motorist provision of its contract.

■ The analysis in *Payne* of an uninsured motorist is applicable to the facts of this case because the driver of the other vehicle in Hawkins' accident had liability insurance coverage in the amount of $25,000. In sum, he had purchased the required coverage and that amount of money was available to Hawkins; he was not an uninsured motorist simply because his policy limits were exhausted, and State Farm has no exposure under the uninsured motorist provision of its contract.

In her fourth point of error, Hawkins contends that construing the insurance policy as not affording coverage to her violates Arkansas public policy. Her argument essentially demands that the provisions of the insurance policy be interpreted as providing underinsured liability coverage to the extent that her $50,000 uninsured motorist liability coverage exceeds the limits of the other drivers' $25,000 liability coverage.

Hawkins' reliance on *Travelers Ins.* v. *National Farmers Union Property and Casualty Co.*, 252 Ark. 624, 480 S.W.2d 585 (1972), is misplaced. In that case, we stated that the amount of recovery under the uninsured motorist provisions of a liability policy could not be reduced by the amount the injured party received under workmen's compensation coverage where a setoff provision reduced the limit of liability under uninsured motorist coverage. The purpose of the uninsured motorist legislation was to protect the insured, not the insurer, and thus precluded any windfall to the insurer by a reduction in benefits.

■ Here, however, Hawkins paid premiums for uninsured motorist liability coverage, and, at the time she purchased her policy, State Farm did not even offer underinsured motor vehicle coverage. As a result, Hawkins' receipt of the very type of insurance for which she paid premiums does not reduce her coverage, does not give a windfall to State Farm, and is not against the public policy of the State.

Hawkins' final argument alleges that the chancery court erred in finding that State Farm's agent did not have apparent authority to bind State Farm. The chancery court granted State Farm's motion for summary judgment based on the fact that the

printed provisions of an insurance contract cannot be altered to extend coverage to a risk not covered by its terms on the basis of oral representations by a soliciting agent of the company. *See Continental Ins. Cos.* v. *Stanley*, 263 Ark. 638, 569 S.W.2d 653 (1978).

We decline to consider this argument as Hawkins is attempting to improperly appeal an order of the chancery court filed on November 21, 1988. Arkansas R. App. P. 4(a) provides in pertinent part that ". . . a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from. . . ." *See Johnson* v. *Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986).

In *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980), we also noted that the timely filing of a notice of appeal is, and always has been, jurisdictional. Additionally, whether the question is raised by the parties or not, it is not only the power, but the duty, of a court to determine whether it has jurisdiction of the subject matter. *See Arkansas Sav. & Loan Ass'n* v. *Corning Sav. & Loan Ass'n*, 252 Ark. 264, 478 S.W.2d 431 (1972).

In *Johnson* v. *Carpenter, supra*, we stated that, even in the event of unavoidable casualty, the failure to file a timely notice of appeal deprives the appellate court of jurisdiction. The time for filing the notice of appeal runs from the date the judgment or decree is filed in the circuit or chancery clerk's office. *Shaefer* v. *McGhee*, 284 Ark. 370, 681 S.W.2d 353 (1984).

The chancery court's order granting the summary judgment as to count II, dealing with the reformation of the insurance policy, was filed on November 21, 1988. As a result, the thirty day time limit in which Hawkins had to file an appeal began running on that date. She did not comply with that requirement and is precluded from appealing that issue at this time.

We have also found from an examination of the record that both counsel agreed by stipulation, which was neither mentioned in the briefs nor abstracted by either counsel, that "the ruling of the Chancery court regarding Count II of the original complaint precludes relitigation of the allegations in Count II of the amended complaint against State Farm. . . ." The circuit court then entered its order on March 17, 1989, which entitled State

Farm to summary judgment as to count II of Hawkins' amended complaint. Suffice it to say, the chancery court's determination of count II was final and appealable and, at this time, is beyond our appellate jurisdiction.

Affirmed.