Carl CROCKETT, Monica Crockett,
and Michael Crockett *v.* Stewart ESSEX
and Turpin Funeral Home, Inc.

CA 99-326                                    9 S.W.3d 561

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered January 19, 2000
[Petition for rehearing denied February 16, 2000.* ]

---

* MEANS, J., and HAYS, S.J., would grant.

*Gary Eubanks & Associates*, by: *James Gerard Schulze* and *J. Todd Jones*, for appellants.

*Kemp, Duckett, Spradley, Curry & Arnold*, by: *James M. Duckett*, for appellees.

TERRY CRABTREE, Judge. This is an appeal from the trial court's order granting summary judgment for the appellees on a claim of the tort of outrage brought by the appellants. The appellants assert that the trial court erred in granting the motion for summary judgment because the complaint stated a cause of action for the tort of outrage. We agree and, therefore, reverse and remand.

The second amended complaint filed by the appellants alleged that Dorothy Lee Baker Crockett had died on August 19, 1997, and that the appellant, Carl Crockett contracted with the appellees for funeral services and burial of the deceased.[1] The appellants alleged that the appellees committed the tort of outrage in that the appellees: (1) urged the attendees of the funeral services to hurry and shorten the service; (2) hurried the operation of the hearse toward the gravesite, resulting in confusion of some of the attendees as to

---

[1] The appellants initially pled breach of contract and negligence, but those issues have not been appealed.

where the funeral procession had gone and as to where the burial was to take place; (3) acted annoyed and hurried the burial service; (4) that in an attempt to hurry the burial service, appellee Essex placed a family member in someone else's vehicle and drove the vehicle over other graves and gravestones in order to get the disabled family member to the designated gravesite of the family member more quickly than he could have otherwise; and (5) that during the burial service, appellee Essex spoke on a cellular phone for an extended period of time. Appellants alleged that these actions constituted extreme and outrageous conduct such as to pass the bounds of decency and to be regarded as intolerable in a civilized society, breach of contract, and negligence.

Appellees moved for summary judgment on the ground that the Crocketts had not alleged facts sufficient to state a claim. The trial court granted the motion for summary judgment. The judgment was entered on September 18, 1998. From that judgment comes this appeal.

■ ■ The standard of review in summary-judgment cases is whether the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered; further, the moving party always bears the burden of sustaining a motion for summary judgment; all proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party; the moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56; *Youngman v. State Farm Mut. Auto. Ins. Co.*, 334 Ark. 73, 971 S.W.2d 248 (1998).

■ The elements of the tort of outrage were set out in *McQuay v. Guntharp*, 331 Ark. 466, 470, 963 S.W.2d 583, 585 (1998):

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional

distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

What conduct constitutes the tort of outrage must be determined on a case-by-case basis. *Id.* It is not sufficient to establish outrage by describing the conduct as outrageous. *Id.* The tort of outrage was not intended to open the courthouse doors to every indignity or insult. *The Travelers Insurance Company v. Smith,* 338 Ark. 81, 991 S.W. 2d 591 (1999). The facts alleged in this case rise above mere indignity or insult and fall within the penumbra of the tort of outrage.

■ The burial and final goodbye to a loved one is perhaps one of the most emotional and trying experiences that we encounter in life. The funeral is to be conducted with the utmost respect for the departed loved one and with dignity and decorum. The appellants allege that the appellees hurried the funeral of a mother and wife, that they left the funeral home in a hurry, and drove in excess of sixty-five miles an hour. Appellants also allege that once at the gravesite, Mr. Essex commandeered a car, put a disabled family member in the car and ran over gravesites and gravestones to where the deceased was being buried, where he let the family member out and then got in the hearse and started talking on the cellular phone. We cannot say, as a matter of law, that these facts, if proven and believed, would not constitute the tort of outrage. The trial court's order granting summary judgment is reversed, and the case is remanded.

ROBBINS, C.J., HART and GRIFFEN, JJ., agree.

MEADS, J., and HAYS, S.J., dissent.

MARGARET MEADS, Judge, dissenting. I cannot agree with the majority's conclusion that appellees' conduct rises to the level that is required to establish the tort of outrage. I believe that the trial court correctly determined that appellees' actions did not meet the stringent requirements of outrageous conduct and properly granted appellees' motion for summary judgment. I would affirm.

The tort of outrage is not favored by our appellate courts. *Shepherd v. Washington County,* 331 Ark. 480, 962 S.W.2d 779 (1998); *Unicare Homes, Inc. v. Gribble,* 63 Ark. App. 241, 977 S.W.2d

490 (1998). The type of conduct that meets the standard for outrage must be determined on a case-by-case basis. *McQuay v. Guntharp*, 331 Ark. 466, 963 S.W.2d 583 (1998). The conduct complained of must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. *Id.* It is for the trial court to determine, in the first instance, whether the conduct may reasonably be regarded as so outrageous as to permit recovery. *Givens v. Hixson*, 275 Ark. 370, 631 S.W.2d 263 (1982).

While I do not condone appellees' alleged conduct and believe that it may be characterized as inconsiderate, inappropriate, unprofessional, and reprehensible, I do not believe it was "atrocious and utterly intolerable in a civilized society." As the majority correctly notes, the tort of outrage was not intended to open the courthouse doors to every indignity or insult. *The Travelers Insurance Company v. Smith*, 338 Ark. 81, 991 S.W.2d 591 (1999). Our courts have refused to find outrageous conduct in other egregious and equally unfortunate situations. *See Stockton v. Sentry Ins.*, 337 Ark. 507, 989 S.W.2d 914 (1999); *Shepherd v. Washington County, supra; Hollomon v. Keadle*, 326 Ark. 168, 931 S.W.2d 413 (1996); *Cherepski v. Walker*, 323 Ark. 43, 913 S.W.2d 761 (1996); *Thornton v. Squyres*, 317 Ark. 374, 877 S.W.2d 921 (1994); *Ross v. Patterson*, 307 Ark. 68, 817 S.W.2d 418 (1991); *Neff v. St. Paul Fire & Marine Ins. Co.*, 304 Ark. 18, 799 S.W.2d 795 (1990).

I respectfully dissent.

HAYS, S.J., joins.