## Larry R. BAYSINGER *v.* AIR SYSTEMS, INC.

CA 96-92                                                  934 S.W.2d 230

Court of Appeals of Arkansas
Division I
Opinion delivered December 4, 1996
[Petition for rehearing denied January 15, 1997.]

*Stephen M. Sharum* and *Timothy C. Sharum*, for appellant.

*Daily, West, Core, Coffman & Canfield, PLLC*, by: *Eldon F. Coffman* and *Douglas M. Carson*, for appellee.

JOHN F. STROUD, JR., Judge. Appellant worked as a welder for Air Systems, Inc., which manufactures custom-made, stainless-steel equipment for commercial restaurants. He was diagnosed with carpal tunnel syndrome shortly before he quit working there on Octo-

ber 1, 1993. The administrative law judge found that his condition was a compensable injury. The Workers' Compensation Commission reversed in a 2-1 decision, finding that he had failed to prove by a preponderance of the evidence that his carpal tunnel syndrome was caused by rapid repetitive motion. On appeal, Mr. Baysinger contends that the Commission erred in its interpretation of "rapid repetitive motion" under Ark. Code Ann. § 11-9-102(5)(A)(ii)(a), and in finding that he failed to prove that his carpal tunnel syndrome was caused by rapid repetitive motion. Air Systems cross-appeals, contending that the administrative law judge erred in admitting the deposition of appellant when appellant failed to appear at his own hearing. We reverse and remand because we agree with appellant that the Commission erred in its interpretation of "rapid repetitive motion."

In deciding this case, the Commission examined the job duties of appellant. Testimony by three of appellant's co-workers showed that his tasks included shaping, molding, finishing, and polishing stainless-steel equipment. His work with metal involved grinding, polishing, finishing curved edges, and removing burrs. The Commission found that although appellant's duties varied during the day according to the particular item being manufactured, his duties required him to grip vibrating tools and to use a ball-peen hammer, and that each of the duties involved fairly constant stress and shock to the hands, wrists, and arms.

█ As the Commission noted, this case is controlled by Ark. Code Ann. § 11-9-102(5)(A)(ii)(a), which is a partial codification of Act 796 of 1993. The statute establishes categories of compensable injuries and includes the following language:

(5)(A) "Compensable injury" means:

. . . .

(ii) An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it is not caused by a specific incident or is not identifiable by time and place of occurrence, if the injury is:

(a) Caused by rapid repetitive motion. Carpal tunnel syndrome is specifically categorized as a compensable injury falling within this definition;

Ark. Code Ann. § 11-9-102(5)(A)(ii)(a) (Repl. 1996). The burden

of proof for such injuries shall be by a preponderance of the evidence, and the resultant condition is compensable only if the alleged compensable injury is the major cause of the disability or need for treatment. Ark. Code Ann. § 11-9-102(5)(E)(ii) (Repl. 1996).

Finding that appellant did not meet his burden of proof, the Commission stated:

> [T]he requirement that the condition be caused by rapid repetitive motion requires proof that the employment duties involved, at least in part, a notably high rate of activity involving the exact, or almost exactly, the same movement again and again over extended periods of time.

> . . . .

> In the present claim, while claimant's duties involved hand intensive labor, the evidence shows that the job did not involve the exact, or almost exactly, the same movement again and again. Instead, the description indicates that several steps were involved in performing the job, and there is no indication that the different steps involve the same movement again and again for prolonged periods of time. Therefore, we find that the claimant failed to prove by a preponderance of the evidence that his carpal tunnel syndrome was caused by rapid repetitive motion.

■ The Commission erred in requiring appellant to prove that his carpal tunnel syndrome was the result of the exact, or almost exactly, the same movement again and again. It appears from the findings of the Commission, quoted above, that although the evidence indicates that different portions of claimant's job duties may involve rapid repetitive motion, he is precluded from recovery because "there is no indication that the different steps involve the same movement again and again for prolonged periods of time." We feel that the Commission's interpretation of the statute is too restrictive and precludes multiple tasks — such as the hammering and grinding motions performed by claimant — from being considered together to satisfy the requirements of the statute. We reverse and remand to the Commission for a new determination on the issue of appellant's meeting his burden of proof.

The point raised by Air Systems on cross-appeal is that the

administrative law judge erred in admitting claimant's deposition when he failed to appear at his own hearing. The record reflects that Air Systems objected to claimant's deposition in lieu of his testimony at the initial hearing and that the law judge at first refused the proffered deposition but, upon review of her order, decided that she had erred in doing so. She contacted both parties, notifying them that she would allow the deposition to be submitted into the record but would reopen the case so that Air Systems could cross-examine claimant. Subsequently, the deposition was admitted with claimant present and ready for cross-examination; Air Systems renewed its objection to the introduction of the deposition and declined to call claimant for cross-examination. The hearing was then concluded.

The Commission did not rule on Air Systems's objection to the introduction of claimant's deposition in light of its decision that the evidence did not show that his job involved the exact, or almost exactly, the same movement again and again. It also noted that it had not relied on his deposition testimony in reaching its decision. Because the Commission's opinion contains no findings relating to the admissibility of claimant's deposition and did not rule upon it, the issue is not preserved for appeal and there is nothing before us to review. *See Pine Bluff Warehouse* v. *Berry*, 51 Ark. App. 139, 912 S.W.2d 11 (1995). The Commission must decide whether it is necessary to rule on this point when it reexamines the issue of appellant's meeting his burden of proof.

Reversed and remanded.

ROGERS and NEAL, JJ., agree.