Brenda Ann RUDICK *v.* UNIFIRST CORPORATION

CA 97-611                                        962 S.W.2d 819

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered January 28, 1998

*Tom Thompson*, for appellant.

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Richard Lusby*, for appellee.

D. FRANKLIN AREY, III, Judge. This appeal arises from the Workers' Compensation Commission's denial of benefits to the appellant, Brenda Ann Rudick. The Commission affirmed and adopted the administrative law judge's opinion; the ALJ found that a rocking motion made by appellant six times per minute to perform her job was not sufficiently rapid to constitute a "rapid repetitive motion" under Ark. Code Ann. § 11-9-102(5)(A)(ii)(a) (Supp. 1997). Appellant contends that the Commission's decision is not supported by substantial evidence, and that it is erroneous as a matter of law. We reverse and remand.

The appellee, Unifirst Corporation, manufactures uniform shirts. Appellant was employed by appellee; she worked with a pocket setting machine that required her to stand and use her right foot to depress a pedal that operated the machine. A video tape of her work revealed that her left leg was extended and flexed as she stepped forward with her right foot to press the pedal and then stepped back. The parties stipulated at the hearing before the ALJ that appellant would stand and push on this pedal between 2,400 and 2,500 times a day.

Appellant developed problems with her left knee in February and March of 1995. She testified that she had no prior problems with her left knee. Her treating physician gave a diagnosis of moderate chondromalacia in her left knee, and indicated that the

chondromalacia was causally related to the rocking back and forth motion appellant used to operate her machine at work.[1]

In his opinion filed July 8, 1996, the ALJ concluded that appellant's work activities did not involve a rapid motion. The ALJ noted that appellant was required to prove by a preponderance of the evidence that a gradual-onset injury such as hers was caused by rapid repetitive motion and was the cause of more than 50% of her disability or need for treatment. *See* Ark. Code Ann. § 11-9-102(5). The ALJ applied a test for rapid repetitive motion adopted by the Commission in one of its opinions.

> In *Throckmorton v. J & J Metals*, . . . the Commission held that the requirement of rapid repetitive motion is satisfied where the employment duties involve, at least in part, a notably high rate of activity involving the exact, or almost the exact, same movement again and again over extended periods. . . .
>
> The video tape of [appellant's] work activities leaves no doubt that her job involved repetitive motion. However, although the motion was steady, it was not "a notably high rate of activity" that would be sufficient for it to be considered rapid. [Appellant's] estimates of her job activity indicate that she rocked back and forth, at most, no more than six times per minute. This is not sufficiently rapid to satisfy the statutory requirement.

The ALJ denied and dismissed appellant's request for benefits. In an opinion filed February 21, 1997, the full Commission affirmed and adopted the ALJ's decision.

Appellant argues that the Commission's interpretation of the term rapid is erroneous. In essence, appellant claims that the Commission applied the wrong legal standard to determine whether her work activity was rapid. Appellant cites to our decision in *Baysinger v. Air Systems, Inc.*, 55 Ark. App. 174, 934 S.W.2d 230 (1996); appellee counters that *Baysinger* addresses

---

[1] Appellee argues that appellant did not demonstrate that the major cause of her condition was her employment activity. We do not reach this argument, because it was not ruled on by the Commission. *See W.W.C. Bingo v. Zwierzynski*, 53 Ark. App. 288, 921 S.W.2d 954 (1996). We express no judgment in this opinion on any question other than the Commission's interpretation of the term "rapid" in the phrase "rapid repetitive motion."

*repetitive* activity, not *rapid* activity. Appellee's point is well taken. Nonetheless, appellant does call into question the Commission's *Throckmorton* test for rapid motion.

Two of our recent decisions are instructive. *See Kildow v. Baldwin Piano & Organ*, 28 Ark. App. 194, 948 S.W.2d 100 (1997), *review granted*, No. 97-828 (Ark. Sept. 11, 1997); *Lay v. United Parcel Serv.*, 58 Ark. App. 35, 944 S.W.2d 867 (1997). In *Lay*, one of the claimant's alternative arguments was that his injury was compensable as a "rapid repetitive motion" injury. The claimant asserted that his motions were rapid, because he made nearly eighty deliveries per day in a ten-to-eleven-hour shift, an average of one every eight minutes. He did not claim that driving his delivery truck or actually making the deliveries constituted a part of his rapid repetitive tasks. Instead, he claimed that loading and unloading packages, and lifting and replacing an electronic clipboard, constituted rapid activity.

We affirmed the Commission's denial of benefits. *See Lay, supra*. We did not think *Baysinger* was dispositive: *Baysinger* addressed the repetitive element of "rapid repetitive motion," but the Commission decided that the claimant did not prove that his job was *either* rapid or repetitive. *See Lay*, 58 Ark. App. at 37, 944 S.W.2d at 870. We agreed with the Commission.

> Although we do not provide a comprehensive definition of what constitutes "rapid repetitive motion," we conclude that the motions as described by Lay, separated by periods of several minutes or more, do not constitute rapid repetitive motion under the meaning of § 11-9-102-(5)(A)(ii)(a).

*Lay*, 58 Ark. App. at 41, 944 S.W.2d at 870.

In *Kildow*, the Commission denied benefits to the claimant, because she failed to prove that her activities were rapid. The Commission applied the same *Throckmorton* standard that is applied against appellant in the instant case. That is, the Commission required proof of "a notably high rate of activity." *See Kildow*, 58 Ark. App. at 199, 948 S.W.2d at 103. We noted our holding in *Baysinger* which rejected the Commission's *Throckmorton* standard to determine if an activity was repetitive. We observed that "[i]n its ordinary usage, rapid means swift or

quick." *Kildow*, 58 Ark. App. at 200, 948 S.W.2d at 103 (citing *Concise Oxford Dictionary* 1137 (9th ed. 1995)). We determined that the Commission's decision was not supported by substantial evidence, and we reversed and remanded the matter to the Commission for an award of benefits. *See id.* at 203, 948 S.W.2d at 103-104.

■ ■ We did not adopt the Commission's *Throckmorton* test for rapidity in either *Lay* or *Kildow*. We have not required a showing of "a notably high rate of activity." *See Kildow*, 58 Ark. App. at 203, 948 S.W.2d at 103-104. Both *Lay* and *Kildow* were handed down after the Commission filed its opinion in the case now before us. Nonetheless, the Commission should review appellant's case in light of these decisions. "Where legislative interpretation is concerned,. . . legal reasoning does attempt to fix the meaning of the word. When this is done, subsequent cases must be decided upon the basis that the prior meaning remains. . . . Its meaning is made clear as examples are seen, but the reference is fixed." Edward H. Levi, *An Introduction to Legal Reasoning* 33 (1949).

■ Because the Commission should apply our decisions to test for rapid motion, this case is reversed and remanded for its further consideration. *Baysinger* is sufficiently analogous to lend support for this disposition. There, we decided that the Commission's interpretation of section 11-9-102(5)(A)(ii)(a) was "too restrictive." *Baysinger*, 55 Ark. App. at 176, 934 S.W.2d at 230. We reversed and remanded to the Commission "for a new determination on the issue of appellant's meeting his burden of proof." *Id.* Likewise, in this instance it would be appropriate for the Commission to apply *Lay* and *Kildow* to the record before it, and to make findings of fact and rule accordingly. *See* Ark. Code Ann. § 11-9-704(b).

Finally, it is appropriate to repeat an observation previously made by Judge Cooper: "We think it apparent that the Commission is making every effort to comply with the legislative mandate, a difficult task that requires that a fine balance be struck between the legislature's prohibition against broadening the scope of the workers' compensation statutes and the legislature's express state-

ment that the controlling purpose of workers' compensation is to pay benefits to all legitimately injured workers." *Daniel v. Firestone Bldg. Products*, 57 Ark. App. 123, 124, 942 S.W.2d 277, 278 (1997). Notwithstanding our disagreement in this instance, we continue to acknowledge the Commission's efforts.

Reversed and remanded.

ROBBINS, C.J., and MEADS and ROAF, JJ., agree.

JENNINGS and STROUD, JJ., dissent.

JOHN E. JENNINGS, dissenting. As I understand it, we are reversing this case and remanding it to the Commission because it used an improper standard in determining whether appellant's actions at work were "rapid" within the meaning of Ark. Code Ann. § 11-9-102(5). I cannot agree that the Commission used an inappropriate standard.

One of the definitions of a "compensable injury" is an injury "caused by rapid repetitive motion." Ark. Code Ann. § 11-9-102(5). In *Baysinger v. Air Systems, Inc.*, 55 Ark. App. 174, 934 S.W.2d 230 (1996), the Commission had held that in order to be "repetitive" under the statute the activity must involve the exact, or almost exact, same movement again and again over extended periods of time. We held in *Baysinger* that this formulation was too restrictive in that it precluded multiple tasks from being considered together to satisfy the requirements of the statute. *Baysinger* did not address the statutory requirement that the motion be "rapid" and has no real application to the case at bar.

In *Kildow v. Baldwin Piano & Organ*, 58 Ark. App. 194, 948 S.W.2d 100 (1997), we said that "rapid" means "swift or quick." While I have no problem with that definition, I cannot agree that it is materially different from the test used by the Commission, i.e., that "rapid" means "a notably high rate of activity."

The majority also relies on *Lay v. United Parcel Serv.*, 58 Ark. App. 35, 944 S.W.2d 867 (1997), but that case offers no support either. Indeed, we affirmed the Commission's decision in *Lay* that the claimant's activity was not sufficiently "rapid," despite the

fact that the Commission evidently used its "notably high rate of activity" standard. *See Lay*, 58 Ark. App. at 40-41.

In short, I can see no meaningful difference between the language used by the Legislature, "rapid"; the language we used in *Kildow*, "swift or quick"; and the language used by the Commission, "a notably high rate of activity." No useful purpose can be served by remanding this case to the Commission; I would decide the issue on the merits.

I am authorized to state that Judge Stroud joins in this dissent.