# Anna MALONE *v.* TEXARKANA PUBLIC SCHOOLS

97-1057                                        969 S.W.2d 644

Supreme Court of Arkansas
Opinion delivered May 28, 1998

*Dowd, Harrelson, Moore & Giles*, by: *Greg Giles*, for appellant.

*Roberts Law Firm, P.A.*, by: *Mike Roberts* and *James D. Robertson*, for appellee.

*Bridges, Young, Matthews & Drake PLC*, by: *Michael J. Dennis*, for *amicus curiae* Arkansas Self-Insurer's Association.

W.H. "DUB" ARNOLD, Chief Justice. This appeal involves the interpretation of "rapid repetitive motion," under Ark. Code Ann. § 11-9-102(5)(A)(ii)(a) (Supp. 1997), and a decision of the Arkansas Workers' Compensation Commission finding that the appellant failed to establish a compensable injury. Our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 2-4 (1998). The specific points raised on appeal involve issues upon which there is a perceived inconsistency in the decisions of the Court of Appeals, significant issues needing clarification, and substantial questions of law concerning the interpretation of section 11-9-102(5)(A)(ii)(a). Finding no reversible error, we affirm the Commission's decision.

Appellant, Anna Malone, worked as a custodian for the appellee, Texarkana Public Schools, for a period of six years. In December of 1994, Malone reported to her supervisor, Walter Gambill, symptoms of numbness and tingling in her hands. Mr. Gambill advised her to consult a doctor. Since first visiting a doctor on March 27, 1995, Malone has not returned to work. EMG and nerve conduction studies revealed that Malone suffers from bilateral carpal tunnel syndrome. Her treating physician, Dr. Robert Burton, concluded in a medical questionnaire dated September 21, 1995, that Malone's carpal tunnel syndrome was due to the nature of her work.

Malone filed a workers' compensation claim seeking temporary total disability benefits from March 27, 1995, and contended that her injury was compensable because her carpal tunnel syndrome was caused by the "rapid repetitive motion" of her job duties. The administrative law judge reviewing her claim concluded that Malone's condition was not a compensable injury

caused by "rapid repetitive motion," as defined by Ark. Code Ann. § 11-9-102(5)(A)(ii)(a) (Supp. 1997), and that she had failed to meet her burden of proving by a preponderance of the evidence that her bilateral carpal tunnel was the result of her work-related activities with the Texarkana Public Schools. At the time of the administrative proceeding, Malone was fifty years old and reported that she had never had any prior problems with her hands or elbows.

The Workers' Compensation Commission affirmed and adopted the administrative law judge's decision, finding that Malone had failed to prove by a preponderance of the evidence that her carpal tunnel syndrome was caused by "rapid repetitive motion." Malone then appealed the Commission's decision to the Arkansas Court of Appeals. In an unpublished opinion dated August 27, 1997, the Court of Appeals reversed and remanded the case, reasoning that the Commission had based its findings on a prior Commission decision, *Baysinger v. Air Systems, Inc.*, Workers' Compensation Commission, decision filed October 19, 1995, (Claim No. E316706), which was subsequently reversed by the Court of Appeals. *See Baysinger v. Air Systems, Inc.*, 55 Ark. App. 174, 934 S.W.2d 230 (1996). Additionally, the appellate court determined that Malone's duties satisfied the requirements of rapid repetitive work and directed the Commission to reconsider Malone's claim in light of its holding in *Baysinger*.

Subsequently, we granted review of the Court of Appeals' decision. In the instant appeal Malone argues that the Court of Appeals correctly interpreted "rapid repetitive motion" and that the Commission erred by applying the wrong definition of that term in concluding that she failed to satisfy her burden of proof. Additionally, Malone contends that the Commission's decision was not supported by substantial evidence.

### I.   "Rapid Repetitive Motion"

When we grant a petition to review a case decided by the Court of Appeals, we review it as if it was filed originally in this court. *See Williams v. State*, 328 Ark. 487, 944 S.W.2d 822 (1997) (citing *Allen v. State*, 326 Ark. 541, 932 S.W.2d 764

(1996)). Appellant and the appellee argue in their briefs on appeal that the construction of section 11-9-102(5)(A)(ii)(a) dictates our holding in this case. For example, in response to arguments raised in the appellee's brief, Malone contended that the plain language of the statute specifically defines carpal tunnel syndrome as a compensable injury, thus ending our "rapid repetitive motion" analysis. We agree with the appellant.[1] However, as discussed in oral argument, the parties agree that this argument was not presented below, and arguments not presented to the trial court are not reviewable on appeal. *See Schueck v. Burris*, 330 Ark. 780, 787, 957 S.W.2d 702 (1997) (citing *Jamison v. Estate of Goodlett*, 56 Ark. App. 71, 938 S.W.2d 865 (1997)).

We now address the Commission's analysis of "rapid repetitive motion" in the instant case. In deciding the appellant's claim, the Commission examined Malone's job duties. Malone testified that she worked as a custodian for the appellee five nights per week, from approximately 3:30 p.m. until 12:00 a.m., and that she had a fifteen-minute break after the first two hours, a thirty-minute dinner break, and a fifteen-minute break after the next two hours. Malone's daily routine included fifteen or sixteen steps, each involving different motions with her arms and hands. First, Malone dust mopped three halls, for approximately seven or eight minutes. Next, she cleaned two large bathrooms in approximately thirty minutes, including cleaning the commodes, walls, sinks, fixtures, mirrors, baseboards, restocking paper products, and mopping the floors. Next, she cleaned twenty-three classrooms, including emptying trash cans, replacing trash-can liners, vacuuming and cleaning chalk trays, emptying pencil sharpeners, cleaning desk tops and table tops, dusting, sweeping, and dust mopping. She also spent about five to ten minutes vacuuming each night, including three offices and one partially carpeted classroom.

---

[1] Last week, we handed down a decision in *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 969 S.W.2d 190 (1998), where the statutory-construction argument was raised by the parties at trial and was ripe for our consideration. In *Kildow*, we held that the plain language of Ark. Code Ann. § 11-9-102(5)(A)(ii)(a) (Supp. 1997) indicates that the legislature specifically defined carpal tunnel syndrome as a compensable injury.

In denying Malone's claim for her failure to establish a compensable injury, the administrative law judge and the Commission interpreted the following statute defining a "compensable injury" as:

> An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it is not caused by a specific incident or is not identifiable by time and place of occurrence, if the injury is:
>
> (a) Caused by rapid repetitive motion. Carpal tunnel syndrome is specifically categorized as a compensable injury falling within this definition.

Ark. Code Ann. § 11-9-102(5)(A)(ii) (Supp. 1997).

Specifically, in construing this statute, the administrative law judge relied on the Commission's decision in *Baysinger* and determined that although Malone's job involved the use of her hands in all of her duties, it did not require the "exact or almost exact movement again and again for prolonged periods of time sufficient to constitute rapid, repetitive motion." However, in *Baysinger v. Air Systems, Inc.*, 55 Ark. App. 174, 934 S.W.2d 230 (1996), the Court of Appeals rejected this narrow definition of "rapid repetitive motion," holding that it precluded multiple tasks from being considered together to satisfy the statute's requirements. Similarly, in *Kildow v. Baldwin Piano & Organ*, 58 Ark. App. 194, 948 S.W.2d 100 (1997), the court of appeals rejected the "exact, or almost exactly, the same movement again and again" standard for constituting "rapid repetitive motion."

■ Accordingly, we hold that the Commission erred by applying a definition of "rapid repetitive motion" that has been rejected and held "too restrictive." Nevertheless, our inquiry does not end here; we must consider whether the Commission's ultimate decision was supported by substantial evidence. Although the Commission applied an incorrect standard of proof, its decision should be affirmed if it reached the correct result. *See R.J. "Bob" Jones Excavating Contractor, Inc. v. Fireman's Ins. Co.*, 324 Ark. 282, 920 S.W.2d 483 (1996).

## II.  Substantial Evidence

■ We will affirm a decision of the Workers' Compensation Commission if it is supported by substantial evidence. Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. Further, the issue is not whether this court might reach a different result than the Commission but whether the evidence would have supported a contrary finding. We must affirm the Commission's decision if reasonable minds could reach that decision. *Lay v. United Parcel Serv.*, 58 Ark. App. 35, 944 S.W.2d 867 (1997).

■ Two apposite decisions have interpreted what is meant by the term "rapid repetitive motion." By way of background, we note that the legislature did not establish guidelines as to what constitutes "rapid repetitive motion." As a result, that determination has been made by the fact-finder in each case. The first notable case relevant to "rapid repetitive motion" was *Baysinger*, where the Court of Appeals rejected the narrow statutory construction requiring a claimant to prove that his carpal tunnel syndrome was the result of "exact, or almost exactly, the same movement again and again." 55 Ark. App. 174. The appellant in *Baysinger* was a welder who used his hands to hammer, grind, shape, polish, and pound pieces of metal with heavy vibrating tools. Considering the combination of these job duties, the *Baysinger* decision appropriately expanded the strict definition of "rapid repetitive motion" to include multiple tasks involving different movements which could be considered together to satisfy the repetitive element of "rapid repetitive motion."

■ Second, in *Lay* the Court of Appeals reviewed the factors that must be proved to find an injury compensable under the "rapid repetitive motion" theory. *See Lay*, 58 Ark. App. at 40. Specifically, a claimant must prove by a preponderance of the evidence that: (1) the injury arose out of and in the course of his employment; (2) the injury caused internal or external physical harm to the body which required medical services or resulted in disability or death; (3) the injury was caused by rapid repetitive motion; (4) the injury was a major cause of the disability or need

for treatment; and (5) the injury must be established by medical evidence supported by objective findings. *Id.*

In *Lay*, the claimant's duties included loading and unloading boxes and lifting a clipboard. The Commission rejected Lay's claim for benefits, citing his failure to prove that his job was either rapid or repetitive. Significantly, the Commission applied the narrow definition of what constitutes "rapid repetitive motion," later rejected in *Baysinger*. However, the Court of Appeals affirmed the Commission's decision under the *Baysinger* analysis, which permitted consideration of multiple tasks, but noted that Lay's duties failed to satisfy the second element, rapidity. Though the Court of Appeals advised that it was not providing a comprehensive definition of "rapid repetitive motion," it determined that Lay's tasks, separated by periods of several minutes or more, did not constitute rapid repetitive motion under the statute.

■ ■ Reviewing these prior decisions interpreting "rapid repetitive motion," the standard is a two-pronged test: (1) the tasks must be repetitive, and (2) the repetitive motion must be rapid. As a threshold issue, the tasks must be repetitive, or the rapidity element is not reached. Arguably, even repetitive tasks and rapid work, standing alone, do not satisfy the definition. The repetitive tasks must be completed rapidly. Here, Malone worked quickly and she performed many of the same tasks many times throughout the night. However, her job duties are more closely analogous to the UPS driver in *Lay* than the welder in *Baysinger*. Malone's tasks shifted from one type of activity to another frequently, even though she repeated those same tasks again later. In *Lay*, the same movement, separated by several minutes, though performed many times in a day, did not satisfy the definition of rapid repetitive motion. The instant facts are less compelling because they entail many different movements, separated in time, though performed many times in a day. Based on these facts, reasonable minds could reach the decision that Malone's duties do not satisfy the definition of "rapid repetitive motion."

■ Further, Malone's supervisor testified that her custodial work was not rapid in nature and that when he observed her work, probably two or three times a week, she was not moving at

a notably high rate of motion or speed. Moreover, the administrative law judge described the speed of Malone's work, stating "I would not characterize the speed as being particularly fast, on the other hand, it wasn't particularly slow. I can't do much better than that." The administrative law judge's statement related his observation of a demonstration by Malone's supervisor reenacting the speed with which Malone wiped a desk. Accordingly, the Commission had substantial evidence to conclude that the appellant's job duties do not satisfy the definition of "rapid repetitive motion." Although it reached its decision by applying the incorrect standard of proof, we conclude that the Commission's finding that the appellant failed to establish a compensable injury was not erroneous, and we affirm.

Special Justice J. D. MOON joins in this opinion.

BROWN, J., not participating.