Barry WARD  *v.*
HICKORY SPRINGS MANUFACTURING CO.
and Liberty Mutual Insurance Co.

CA 06–515                                         248 S.W.3d 482

Court of Appeals of Arkansas
Opinion delivered January 31, 2007

*Walters, Hamby & Verkamp*, by: *Michael Hamby*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *James A. Arnold, II*, and *Jeffrey D. Rickard*, for appellees.

BRIAN S. MILLER, Judge.  On March 22, 2006, the Arkansas Workers' Compensation Commission found that Barry Ward sustained a compensable degloving injury to his genitalia and

scrotum while working for Hickory Springs Manufacturing Company on February 4, 2003. The Commission further held that back injuries and gastrointestinal difficulties claimed by Ward were not causally related to the February 4 work-related accident. Ward now brings this appeal, claiming that the preponderance of the evidence showed that his back injuries and gastrointestinal difficulties were caused by the February 4 accident. Hickory Springs also cross-appeals, claiming that Ward's February 4 injury was substantially occasioned by the use of illicit drugs and that the Commission's award of benefits was not supported by substantial evidence. We affirm both the direct appeal and cross appeal.

Ward, a machine operator for Hickory Springs, arrived for work at 5:30 a.m. on February 4, 2003. He took a thirty minute lunch break at 12:00 p.m. and then worked until 2 p.m., when he suffered a degloving injury to his genitalia and scrotum when his clothing became entangled in the teeth of the machine he was operating. As a result of the injury, Ward was hospitalized and underwent reconstructive surgery. A urine sample was taken from Ward's catheter for drug testing at the hospital approximately seventy-two hours after the accident. The sample tested positive for morphine and marijuana metabolites.

Approximately two months later, Ward began complaining of back problems and gastrointestinal problems. He filed for workers' compensation benefits claiming compensable injuries to his genitalia and groin area, his spine, and his gastrointestinal system. Ward asserted that, as a result of his injuries, he was entitled to payment of his medical expenses and temporary total disability benefits. Hickory Springs controverted Ward's claim in its entirety due to the positive drug test.

At the hearing before the administrative law judge, Ward testified that he was prescribed morphine while hospitalized. He stated that he started noticing back pain when the hospital began weaning him from the morphine. Ward admitted to seeing a chiropractor for back pain following a boating accident several years before the February 4 accident. He stated, however, that he was not experiencing back pain prior to the February 4 accident. Ward also admitted that he smoked marijuana nine to eleven days prior to his accident, but he denied smoking marijuana while hospitalized. He explained that he had smoked marijuana for several years but did not smoke marijuana on a regular basis.

Vern Hanna, Ward's co-worker, testified that he had incidental contact with Ward on the job. He said that he never had any reason to suspect Ward of being under the influence of any type of illegal drug and that Ward never appeared intoxicated.

Bruce Rowe testified that he was Ward's supervisor. He stated that he trained Ward on how to operate the machine in question and that Ward failed to operate the machine according to standard operating procedure. He explained that the machine's kill switch was located about two feet from where Ward was entangled in the machine and that Ward could have reached the kill switch. Rowe testified that the injury would not have occurred had Ward hit the kill switch. Rowe also testified that he had been "around people under the influence of marijuana" and that he saw Ward immediately after the accident. He said that he never suspected Ward of being under the influence of drugs or alcohol and that he would have sent Ward home if he had any suspicion that Ward was under the influence.

Mark Bryant, the plant manager, testified that he spoke with Ward immediately following the accident and then transported Ward to the hospital. Over the years, he had come into contact with several people whom he suspected of being under the influence, but he never suspected Ward of being under the influence at any time, including on the day of the accident.

The medical evidence revealed that Ward complained of numbness radiating down his legs during an April 28, 2003, visit to Dr. James Kelly. Dr. Kelly noted that Ward may have sustained a back injury during the February 4 accident. The following day, Ward made a similar complaint to Dr. John Lange. X-rays revealed moderate degenerative changes in Ward's lower thoracic region and mild degenerative changes in the remainder of the thoracic spine. A subsequent MRI revealed a "left paracentral disc herniation at the L5-S1 level" and a "mild diffuse disc bulge" at the L5-S1 level. On May 22, 2003, Ward reported gastrointestinal problems and on July 2, 2003, he was treated in the emergency room of St. Edward Mercy Medical Center for chronic constipation.

The ALJ found that Ward's injuries were not compensable because they were substantially occasioned by the use of intoxicants. The Commission, however, found that the degloving injury was not substantially occasioned by the use of intoxicants, and it reversed the ALJ. The Commission also found that Ward failed to

prove that his back injury and gastrointestinal problems were causally related to his February 4 accident. The parties now appeal and cross-appeal.

In workers' compensation appeals, we view the evidence in a light most favorable to the Commission's decision and affirm the decision if it is supported by substantial evidence. *See Moncus v. Billingsley Logging*, 366 Ark. 383, 235 S.W.3d 877 (2006). Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Holland Group, Inc. v. Hughes*, 95 Ark. App. 369, 237 S.W.3d 120 (2006). We affirm if reasonable minds could reach the results of the Commission. *See Smith-Blair, Inc. v. Jones*, 77 Ark. App. 273, 72 S.W.3d 560 (2002).

The Commission may deny a claim in which the claimant fails to meet his burden of proof. *See Holland, supra*. In these cases, the substantial evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial. *Id*. Moreover, the Commission is not required to believe any witness, and it may accept and translate into findings of fact only those portions of the testimony that it deems worthy of belief. *Id*.

On direct appeal, Ward argues that the Commission erred in finding that he failed to prove that his back and gastrointestinal difficulties were causally related to his work-related injury. Ward had the burden of proving a compensable injury. *Watson v. Tayco, Inc.*, 79 Ark. App. 250, 86 S.W.3d 18 (2002). A compensable injury is one arising out of and in the course of employment. Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2005). To prove a compensable injury, the burden is on the claimant to show, among other things, that a causal connection exists between the injury and employment. *Dixon v. Salvation Army*, 360 Ark. 309, 201 S.W.3d 386 (2005); *Horticare Landscape Mgmt. v. McDonald*, 80 Ark. App. 45, 89 S.W.3d 375 (2002). Objective medical evidence is necessary to establish the existence and extent of an injury but not essential to establish the causal relationship between the injury and a work-related accident. *Horticare Landscape Mgmt. v. McDonald, supra*. Objective medical evidence is not essential to establish the causal relationship between the injury and a work-related accident where objective medical evidence establishes the existence and extent of the injury, and a preponderance of other nonmedical evidence establishes a causal relationship between the injury and the work-related accident. *Id*.

■ The Commission found that Ward failed to prove an accidental injury to his back and gastrointestinal area. Viewing the evidence in a light most favorable to the Commission's findings, we agree. Although there is objective medical evidence establishing that Ward was experiencing back problems and gastrointestinal problems, there was absolutely no evidence, medical or nonmedical, establishing that Ward's problems were causally related to his February 4 accident. Reasonable minds, therefore, could reach the results reached by the Commission. For this reason, we affirm the Commission's decision from which Ward appeals.

On cross appeal, Hickory Springs argues that Ward failed to rebut the presumption that his injury was substantially occasioned by the use of illicit drugs. Hickory Springs asserts that the Commission's finding to the contrary is not supported by substantial evidence. Arkansas Code Annotated section 11-9-102(4)(B)(iv)(a) (Supp. 2005) provides that an injury is not compensable where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders. "The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders." Ark. Code Ann. § 11-9-102(4)(B)(iv)(b). Whether the rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *Apple Tree Serv., Inc. v. Grimes*, 94 Ark. App. 190, 228 S.W.3d 515 (2006); *Ark. Elec. Coop. v. Ramsey*, 87 Ark. App. 254, 190 S.W.3d 287 (2004).

The Commission found that a presumption arose that Ward's degloving injury was substantially occasioned by the use of illegal drugs, but it also found that Ward rebutted the presumption. The Commission gave significant weight to the testimony of Ward's co-workers who testified that they never had reason to suspect Ward of using illegal drugs. In fact, Ward's supervisor and his plant manager testified that they saw Ward immediately after the accident and that nothing indicated that he was under the influence.

■ Although Hickory Springs takes issue with the Commission relying so heavily on the testimony of Ward's co-workers, it is the function of the Commission to determine the credibility of witnesses and the weight to be given their testimony. *Patterson v.*

Frito Lay, Inc., 66 Ark. App. 159, 992 S.W.2d 130 (1999). When we view the evidence in a light most favorable to the Commission's decision, we conclude that reasonable minds can find that the testimony of Ward's co-workers rebuts the presumption that Ward's accident was substantially occasioned by the use of illegal drugs. We, therefore, affirm the cross appeal.

Affirmed on direct appeal and cross appeal.

ROBBINS and GLOVER, JJ., agree.