SLIP OPINION

Cite as 2015 Ark. App. 89

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–14–731

| | |
|---|---|
| GATES CORPORATION and GALLAGHER BASSETT SERVICES<br><br>APPELLANTS<br><br>V.<br><br>CINDY FRIEND<br><br>APPELLEE | Opinion Delivered FEBRUARY 11, 2015<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G204721]<br><br><br>AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellants Gates Corporation ("Gates") and Gallagher Bassett Services (collectively "appellants") appeal from a May 7, 2014 opinion by the Arkansas Workers' Compensation Commission ("Commission") affirming and adopting the findings of fact and conclusions of law made by the Administrative Law Judge ("ALJ") in favor of appellee Cindy Friend. On appeal, appellants contend that (1) the Commission erred as a matter of law in finding that appellee sustained a cumulative trauma injury to her left knee and awarding benefits and (2) that the Commission's decision determining that appellee sustained a cumulative trauma injury to her left knee and awarding benefits was not supported by substantial evidence. We affirm.

Friend was employed with Gates from September of 2010 as a "grinder packer," which required her to operate three grinders, load them with belts using a ladder, and pack the

completed belts in boxes. She first began experiencing problems with her left knee after she was transferred to work in another area for two months before returning to her area. Subsequently, she filed notice that she sustained a compensable work injury to her left knee on April 24, 2012. After conducting a hearing on October 8, 2012, the ALJ filed its initial opinion on January 4, 2013, finding that Friend sustained a compensable injury and awarding benefits. However, on July 9, 2013, the Commission remanded the case to the ALJ to make specific findings as to whether the injury was caused by "rapid repetitive motion" and whether temporary-total disability benefits were proper based on the standards announced in *Wheeler Construction Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001). On November 7, 2013, the ALJ filed an amended opinion. The opinion outlined a detailed description of the facts presented at the hearing. Additionally, the ALJ specifically found the following:

> In the instant case, the claimant testified that she repeatedly went up and down ladder stairs to perform her job. She stated that she did not have knee pain until going to work for the respondent. While the claimant admitted that she was not constantly going up and down stairs, she was going up and down stairs approximately five hours a day. The medical records submitted confirm that the claimant had left knee pain, a tear and surgery. They also confirm that she was given restrictions and taken off work for a period of time. Dr. Arnold states that it is his opinion that the claimant's knee problems were caused by the repetitive nature of her work. Additionally, the Commission must address the rapid nature of the claimant's work for the respondent. The claimant, in this case, testified about climbing the ladders about fifty times a shift in a 12-hour shift, going [up] 50 times and down 50 times. She added that she did not have time to stand around and had to work constantly to "stay up with the work." Clearly the claimant had a quota and had to work rapidly to keep up and get her assigned work completed. The Commission cannot ignore the claimant's testimony about her work. She stated that, "on three different grinders, once they have ground your material, you have to get those belts off, coiled, packed, and you are putting on new belts at the same-you know, once those are done, so you are moving all the time, the three different grinders, and then over to your pack station and three different

pallets. You are also measuring these belts on a measuring machine, so there is no time to stand around." The claimant's work for the respondent, in this case, was repetitive in nature, but also rapid in nature. The work that the claimant performed for the respondent meets the standard set forth by the Court in Malone. Additionally, in contrast to Ford, the medical findings connect the claimant's knee problems to her work for the respondent.

The respondents called as a witness Ellen Doshier. Ms. Doshier testified that she did not move around much to do the same job as the claimant. . . . While Ms. Doshier's testimony may be sincere, she had no direct knowledge of the claimant's work or how she performed her duties.

. . . .

When I consider the documentary evidence submitted, along with the testimony relating to the rapid and repetitive nature of the claimant's work and the medical records, it is clear that the claimant sustained a compensable injury to her left knee while working for the respondent. Additionally, the medical evidence submitted supports her contention that there is a causal connection between the claimant's injury and need for treatment and her work for the respondent. The testimony submitted is clear. The claimant did not have issues with her knee prior to her work for the respondent. There was no other cause for her need for treatment. Clearly, this injury is the major cause for the claimant's disability or need for treatment. The claimant sustained a compensable injury from cumulative trauma while in the employ of the respondent.

. . . .

1.      The claimant has proven by a preponderance of the evidence and by objective medical findings that she sustained a compensable injury due to the rapid and repetitive nature of her work for the respondent. Additionally, she has proven that the injury is the major cause of her disability or need for treatment.

2.      Having found that the claimant sustained a scheduled compensable injury, she is entitled to TTD under the provisions A.C.A. § 11-9-521(a) and the holding in Wheeler Constr. Co. v. Armstrong, 73 Ark. App. 146, 41 S.W.3d 822 (2001).

3.      The claimant's attorney is entitled to the appropriate attorneys' fee based on the above findings.

Subsequently, on May 7, 2014, the Commission in a two-to-one majority opinion

affirmed and adopted the ALJ's amended opinion as its own. Under Arkansas law, the

Commission is permitted to adopt the ALJ's opinion. *SSI, Inc. v. Cates*, 2009 Ark. App. 763,

SLIP OPINION

350 S.W.3d 421. In so doing, the Commission makes the ALJ's findings and conclusions the

findings and conclusions of the Commission. *Id*. Therefore, for purposes of our review, we

consider both the ALJ's opinion and the Commission's majority opinion. *Id*.

In appeals involving claims for workers' compensation, the appellate court views the

evidence in the light most favorable to the Commission's decision and affirms the decision if

it is supported by substantial evidence. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431

S.W.3d 858. Substantial evidence is evidence that a reasonable mind might accept as adequate

to support a conclusion. *Id*. The issue is not whether the appellate court might have reached

a different result from the Commission, but whether reasonable minds could reach the result

found by the Commission. *Id*. Additionally, questions concerning the credibility of witnesses

and the weight to be given to their testimony are within the exclusive province of the

Commission. *Id*. When there are contradictions in the evidence, it is within the

Commission's province to reconcile conflicting evidence and determine the facts. *Id*. Finally,

the court will reverse the Commission's decision only if it is convinced that fair-minded

persons with the same facts before them could not have reached the conclusions arrived at by

the Commission. *Id*.

Arkansas Code Annotated § 11-9-102(4)(A)(ii)(a) (Repl. 2012) defines a "compensable

injury" as:

> (ii) An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it is not caused by a specific incident or is not identifiable by time and place of occurrence, if the injury is:
>
> (a) Caused by rapid repetitive motion. Carpal tunnel syndrome is specifically categorized as a compensable injury falling within this definition;

However, "rapid repetitive motion" is not defined. The Arkansas Supreme Court has held that for an injury to be compensable under a "rapid repetitive motion" theory, a claimant must prove by a preponderance of the evidence that: (1) the injury arose out of and in the course of his employment; (2) the injury caused internal or external physical harm to the body which required medical services or resulted in disability or death; (3) the injury was a major cause of the disability or need for treatment; and (4) the injury must be established by medical evidence supported by objective findings. *Malone v. Texarkana Pub. Sch.*, 333 Ark. 343, 969 S.W.2d 644 (1998). Furthermore, the *Malone* court established the following two-pronged test: (1) the tasks must be repetitive and (2) the repetitive motion must be rapid. *Id.* As a threshold issue, the tasks must be repetitive or the rapidity element is not reached. *Id.* Arguably, even repetitive tasks and rapid work, standing alone, do not satisfy the definition. *Id.* Rather, the repetitive tasks must be completed rapidly. *Id.*

Appellants first contend that the Commission erred as a matter of law in finding that appellee sustained a cumulative trauma injury to her left knee and awarding benefits. We disagree. This court has held that the issue of whether an injury meets the rapid-repetitive-motion requirement is a question of fact and not one of law. *Holland Grp., Inc. v. Hughes*, 95 Ark. App. 369, 237 S.W.3d 120 (2006). However, although a question of fact, the Commission must apply the appropriate law to the evidence to reach a conclusion. *Id.* Here, the Commission, by adopting the ALJ's opinion, outlined the *Malone* test as the appropriate law to apply to determine whether Friend's injury was the result of rapid repetitive motion. While appellants contend that the particular facts of this case did not meet the *Malone* test, that

was a factual determination of the Commission and not an error of law as appellants allege.

Appellants next contend that the Commission's decision determining that appellee sustained a cumulative trauma injury to her left knee and awarding benefits was not supported by substantial evidence. Specifically, appellants contend that Friend failed to establish that her job required rapid repetitive motion. We disagree and find that substantial evidence supported the Commission's findings that the repetitive and rapidity elements were met.

The Arkansas Supreme Court has held that multiple tasks involving different movements can be considered together to satisfy the repetitive element of "rapid repetitive motion." *See Hapney v. Rheem Mfg. Co.*, 342 Ark. 11, 26 S.W.3d 777 (2000). Additionally, this court has previously required some showing of how rapidly the repetitive actions were performed and observed that "'[i]n its ordinary usage, rapid means swift or quick.'" *Rudick v. Unifirst Corp.*, 60 Ark. App. 173, 962 S.W.2d 819 (1998) (*quoting Kildow v. Baldwin Piano & Organ*, 58 Ark. App. 194, 200, 948 S.W.2d 100, 103 (1997)); *Holland Grp., Inc., supra.* Here, Friend testified that she was required to "constantly" move and she did not have any time to stand around; that her job entailed climbing ladders to operate three grinding machines and packing the completed belts from the grinders, requiring her to climb, bend, twist, turn, and stoop; that she climbed the ladders for five hours out of an eight-hour shift; and that she had to move "quickly" up and down the ladder and to complete her other tasks in order to meet her daily quota. In addition to her testimony that her left-knee injury was the result of "constantly" climbing stairs, Friend also testified that it was "quite possibl[e]" that the packing tasks contributed to her knee injury. Furthermore, Dr. Arnold opined that "I do feel like

6

there is a direct correlation between the onset of her pain and the repetitive motion at Gates Rubber."

While appellants argue that because Friend also testified that she estimated that she only climbed the ladders fifty times in a shift, she failed to satisfy the repetitive element, it is within the Commission's province to reconcile conflicting evidence and determine the facts. *Prock*, *supra*. Appellants also argue the Commission disregarded Doshier's testimony. While it is true that the Commission may not arbitrarily disregard the testimony of any witness, determinations of credibility of the witnesses and the weight to be given their testimony are matters exclusively within the province of the Commission. *Hapney*, *supra*. In this case, the Commission did not arbitrarily disregard Doshier's testimony. Instead, the opinion noted that "[w]hile Ms. Doshier's testimony may be sincere, she had no direct knowledge of the claimant's work or how she performed her duties." Therefore, under this court's standard of review, we must affirm the Commission's decision, as reasonable minds could have reached the same conclusion as that of the Commission.

WHITEAKER and VAUGHT, JJ., agree.

*Bassett Law Firm LLP*, by: *Curtis L. Nebben*, for appellants.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellee.